HUNTER TAUBMAN FISCHER & LI LLC

NEW YORK WASHINGTON, D.C. MIAMI

JENNY JOHNSON-SARDELLA, ESQ.
(ADMITTED CA, NY, FL, AND DC)

E-MAIL: JSARDELLA@HTFLAWYERS.COM

November 16, 2026

**Via ECF**
Honorable Ona T. Wang
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

**MEMO ENDORSED.**

**Re:** ***Cheung v. Aptorum Group Limited et al.***
**Case 1:24-cv-09969-VSB**

Dear Judge Wang:

Our office represents Defendants Aptorum Group Limited and Ian Huen (together the "Defendants") in the above-captioned action. Pursuant to Rule II(b) of Your Honor's Individual Practices in Civil Cases and Your Honor's Order dated October 15, 2026, (ECF No. 49), the undersigned writes jointly on behalf of Defendants and Plaintiff Karen Cheung (collectively, the "Parties") to request a continuation of the discretionary stay of discovery pending Judge Broderick's adjudication of Defendants' Motion to Dismiss. As this Court is aware, the parties previously agreed to a stay of discovery pending resolution of the motion of dismiss. *See* ECF No. 33. The briefing on the Motion to dismiss was completed on October 6, 2025, and remains un-adjudicated.

## LEGAL STANDARD

A federal district court has the authority under Fed. R. Civ. P. 26(c) and also has its own inherent authority to stay discovery. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Sharma v. Open Door N.Y. Home Care Servs., Inc.*, 345 F.R.D. 565, 567-68 (E.D.N.Y. 2024) (internal citations omitted). While discovery is not automatically stayed upon the filing of a motion to dismiss, a court has discretion to grant a stay upon good cause shown during the pendency of that motion. *See id.* at 568; Fed. R. Civ. P. 26(c); *see also Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("Upon a showing of good cause a district court has considerable discretion to stay discovery") (internal citations omitted).

## ARGUMENT

"[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Republic of Turkey*, 316 F. Supp. 3d at 677 (internal citations omitted). "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id*; *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l, Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("Two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it"). Specifically, "[w]hile various district courts debate which of the three factors is the most important, there can be little doubt that simplification of the issues and prejudice to the opposing party are more important than the case's state of completion." *Sharma*, 345 F.R.D. at 568. When the parties agree in requesting a stay, or when one party's motion goes unopposed, a court should take that agreement or non-opposition into account when determining the existence of good cause. *See generally Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). When the parties agree to the requested relief, the element of prejudice is not in play.

In this matter, this Court has inherent, "considerable discretion to stay discovery." *See Sharma*, 345 F.R.D. at 568; *Republic of Turkey*, 316 F. Supp. 3d at 677. Furthermore, the Parties agree on, and jointly request, a stay of discovery. Consequently, no party will be prejudiced by such a stay. *See Republic of Turkey*, 316 F. Supp. 3d at 677; *Sharma*, 345 F.R.D. at 568. The Parties here initially agreed to put discovery on hold while the motion to dismiss was pending. The motion remains unresolved and the Parties now have reaffirmed that they wish to continue the discovery stay. It is respectfully submitted that agreements of the Parties should be taken into consideration. The Parties do not yet know the full breadth of potential discovery, which the Court's forthcoming decision on the motion to dismiss should help define and illuminate. However, because the operative complaint involves a RICO claim, because all Parties are foreign, and because many of the events alleged in Ms. Cheung's complaint occurred outside the United States, the Parties expect that any discovery will involve a substantial burden. *See Lawson v. Rubin*, No. 17-cv-6404 (BMC), 2018 WL 11402165, at *1 (E.D.N.Y. Jan. 25, 2018) (noting that "at least one court has been . . . receptive to granting a motion to stay discovery where plaintiffs allege a RICO violation against defendants, given the often-burdensome nature of RICO discovery"); *Major, Lindsey & Africa, LLC v. Mahn*, No. 10 Civ. 4239(CM), 2010 WL 3959609, at *2 (S.D.N.Y. Sep. 7, 2010) (staying discovery pending the court's decision on defendant's motion to dismiss the RICO claims); *Republic of Turkey*, 316 F. Supp. 3d at 677; *Spencer Trask Software & Info. Servs.*, 206 F.R.D. at 368. As a result, this Court should find good cause to stay discovery pursuant to Fed. R. Civ. P. 26(c) and its inherent power.

**CONCLUSION**

For the reasons set forth above, the Parties respectfully request that this Court issue a stay of discovery under Fed. R. Civ. P. 26(c), during the pendency of Defendants' Motion to Dismiss.

Respectfully submitted,

**TARTER KRINSKY & DROGIN LLP**

By: /s/ Minyao Wang
Minyao Wang, Esquire

*Counsel for Plaintiff*

**HUNTER TAUBMAN FISCHER & LI LLC**

By: /s/ Jenny Johnson-Sardella
Jenny Johnson-Sardella, Esquire

*Counsel for Defendants Aptorum Group Limited and Ian Huen*

Application **GRANTED.**

**SO ORDERED.**

Ona T. Wang November 18, 2026
U.S.M.J.